# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CORINTHIAN EDWARDS, | Case No. 2:22-cv-00007-GMN-NJK |
| Petitioner, | |
| v. | **ORDER** |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

Petitioner Corinthian Edwards has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter comes before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court orders Petitioner to show cause in writing why this action should not be dismissed with prejudice as untimely.[2]

## BACKGROUND

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Corinthian Edwards*, Case No. 10C265380.[3] A jury found him guilty of two counts of conspiracy to commit robbery, three counts of burglary while in possession of a firearm, three counts of assault with a deadly weapon, six counts of robbery with use of a deadly weapon, three counts of attempt murder with use of a deadly weapon, and one count of battery with use of a deadly weapon resulting in substantial bodily harm. On October 14, 2014, the court entered a judgment of conviction and sentenced him

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] Petitioner has also filed a motion for appointment of counsel, which the Court defers consideration of until after petitioner has responded to the order to show cause.

[3] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

under the large habitual criminal statute to multiple concurrent 10 years to life sentences to run consecutively to multiple concurrent 10 to 25 years sentences.

Petitioner filed a direct appeal. On May 12, 2016, the Nevada Supreme Court affirmed Petitioner's conviction. His conviction became final under federal law on August 10, 2016, when the time expired for him to file a petition for writ of certiorari with the Supreme Court of the United States. On May 8, 2017, Petitioner filed a state petition for writ of habeas corpus ("state petition") seeking post-conviction relief. After an evidentiary hearing, the state court denied the state petition. Petitioner appealed, and the Nevada Court of Appeals affirmed the state court's dismissal on June 17, 2021. Petitioner initiated the instant federal habeas proceedings on January 3, 2022. ECF No. 1.

## DISCUSSION

### I. IFP Application

Petitioner has requested permission to proceed *in forma pauperis* ("IFP") (ECF No. 5), meaning without paying the standard five dollar ($5.00) filing fee. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 fee is required to initiate a habeas action in a federal district court. The Court may authorize a prisoner to begin a habeas action without paying the fee if he or she submits an IFP application on the approved form along with the appropriate supporting documentation: (1) a financial certificate signed by an authorized prison official, (2) a copy of the prisoner's trust account statement for the six-month period prior to filing, and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

On February 28, 2022, Petitioner paid the five dollar filing fee. (ECF No. 6.) The IFP application (ECF No. 5) will therefore be denied.

### II. Order to Show Cause

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss

petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief or other collateral review in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Additionally, no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Petitioner's conviction became final after the Nevada Supreme Court decided his direct appeal and the time expired for filing a petition for writ of certiorari with the United States Supreme Court on August 10, 2016. The federal statute of limitations began running the following day. Petitioner timely filed his state petition on May 8, 2017, tolling the AEDPA clock. As a result, 270 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 95 days of AEDPA limitations period were statutorily tolled during the pendency of all proceedings related to the state petition. Tolling ended on July 12, 2021, when the remittitur

issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 95 days later on October 16, 2021. The federal petition was mailed on January 3, 2022. Absent another basis for tolling or delayed accrual, Petitioner filed his petition more than two months after the AEDPA limitations period expired. Petitioner must therefore show cause why the petition should not be dismissed with prejudice as time-barred.

In this regard, Petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 624, 623 (1998).

**IT IS THEREFORE ORDERED:**

1. Petitioner Corinthian Edwards's Application for Leave to Proceed *in forma pauperis*

(ECF No. 5) is denied.

2. Edwards must show cause in writing within 45 days of the date of entry of this order why this action should not be dismissed as untimely.  If Edwards does not timely respond to this order, the petition will be dismissed with prejudice without further notice.  If Edwards responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

3. Any assertions of fact Edwards makes in response to this order must be detailed, must be specific as to time and place, and must be supported by competent evidence.  The Court will not consider any assertions of fact that are not specific as to time and place, that are not made in a declaration under penalty of perjury based upon personal knowledge, or that are not supported by competent evidence Edwards filed in the federal record.  Edwards must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely.  Unsupported assertions of fact will be disregarded.

DATED:  March 16, 2022

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE