# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CORINTHIAN EDWARDS, | Case No. 2:22-cv-00007-GMN-NJK |
| Petitioner, | |
| v. | **ORDER** |
| CALVIN JOHNSON, et al., | |
| Respondents. | |

This habeas matter is before the Court on *pro se* Petitioner Corinthian Edwards's Response (ECF No. 9) to the Court's Order to Show Cause (ECF No. 8) as well as his Motion for Appointment of Counsel (ECF No. 1-2).

On March 16, 2022, the Court ordered Edwards to show cause why the petition in this action should not be dismissed as untimely. ECF No. 8. In his response, Edwards asserts that his inmate request form to process his financial certificate was not returned until 90 days after its submission. ECF No. 9 at 2. He further asserts that due to COVID-19 related restrictions, it was "nearly impossible" to access the law library, legal copy work, or legal documents. *Id*.

The Court finds that appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure, the complexity of potential claims, and the potentially complex procedural issues pertaining to the timeliness of the federal petition. Given the myriad of potential procedural obstacles Edwards's situation presents, Edwards's request for the appointment of counsel is granted.

**IT IS THEREFORE ORDERED:**

1. Petitioner Corinthian Edwards's Motion for Appointment of Counsel (ECF No. 1-2) is GRANTED.

2. The Clerk of the Court shall file the petition (ECF No. 1-1) on the docket.[1]

---

[1] The filing of the petition does not signify that the petition is free of deficiencies.

3. The Federal Public Defender is provisionally appointed as counsel and will have until 30 days to undertake direct representation of petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately 120 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the Court.

6. The Clerk of the Court will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: July 24, 2022

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE