**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CORINTHIAN EDWARDS,<br><br>                          Petitioner,<br>v.<br><br>CALVIN JOHNSON , et al.,<br><br>                          Respondents. | Case No. 2:22-cv-00007-GMN-NJK<br><br>**ORDER** |

Following entry of appearance (ECF No. 13) of the Federal Public Defender,

**IT IS THEREFORE ORDERED:**

1. The Federal Public Defender, through Jeremy C. Baron, is appointed as counsel for Petitioner Corinthian Edwards under 18 U.SC. § 3006A(a)(2)(B). Counsel will represent Edwards in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. Edwards has 120 days from entry of this order within which to file an amended petition or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies any implied finding as to the expiration of the federal limitations period or a basis for tolling during the time period established. Edwards at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein. By setting a deadline to amend the petition or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, or any claims are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

3. Respondents shall file a response to the amended petition, including potentially by motion to dismiss, within 60 days of service of an amended petition. Edwards may file a reply thereto within 30 days of service of the response. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

4. Procedural defenses raised by Respondents shall be raised in a single consolidated motion

to dismiss. I do not wish to address any procedural defenses either in seriatim fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response that consolidates their procedural defenses, if any, with their responses on the merits, except under 28 U.S.C § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2) they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss, and must not be included with the merits in an answer.

5. In any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

6. Any state court record and related exhibits filed herein by either party shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either (1) another copy of the index, (2) a volume cover page, or (3) some other document serving as a filler so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.). The parties are directed to redact personal-data identifiers in all documents filed with Court as required by LR IC 6.

7. Hard copies of exhibits shall be delivered to the Las Vegas Clerk's Office.

Dated: August 23, 2022

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE