# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CORINTHIAN EDWARDS,<br><br>　　　　　　　　　Petitioner,<br>v.<br>CALVIN JOHNSON , et al.,<br><br>　　　　　　　　　Respondents. | Case No. 2:22-cv-00007-GMN-NJK<br><br>**ORDER** |

　　　This habeas matter under 28 U.S.C. § 2254 comes before the Court on the Motion to Withdraw as Attorney of Record due to a conflict of interest filed by Jeremy C. Baron of the Federal Public Defender's Office in the District of Nevada (ECF No. 16).

**IT IS THEREFORE ORDERED:**

1. The Motion to Withdraw as Attorney of Record (ECF No. 16) is granted.

2. Commencing on September 13, 2022, Mark D. Eibert, Attorney at Law, P.O. Box 1126 Half Moon Bay, CA 94019, 650-638-2380, is appointed as counsel for Corinthian Edwards under 18 U.SC. § 3006A(a)(2)(B).  Counsel will represent Edwards in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

3. Following entry of Mr. Eibert as counsel of record on the docket, the Clerk of the Court will provide counsel, upon his request, with a single set of electronic copies of all prior filings herein in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

4. If necessary, Edwards must file an amended petition for writ of habeas corpus within 120 days after entry of this Order.  The amended petition must specifically state whether each ground for relief has been exhausted in state court.  For each claim that has been exhausted in state court, the amended petition must state how, when, and where, the claim was exhausted.  If Edwards determines an amended petition need not be filed, then, within 120 days after entry of this Order, Edwards must file a notice to that effect.

5. Respondents will have 120 days following the filing of the amended petition to file an

answer or other response to the amended petition. If Edwards does not file an amended petition, Respondents will have 120 days following the due date for the amended petition to file an answer or other response to the original petition. In any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

6. Edwards will have 60 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

7. If Respondents file a motion to dismiss, Edwards will have 60 days following the filing of the motion to dismiss to file a response to that motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

8. If Edwards wishes to move for leave to conduct discovery, Edwards must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Edwards before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Edwards's reply. Thereafter, Edwards will have 20 days to file a reply in support of the motion for leave to conduct discovery.

9. If Edwards wishes to request an evidentiary hearing, Edwards must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Edwards before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Edwards files a motion for an evidentiary hearing, Respondents must file a response to that motion

concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Edwards's reply. Thereafter, Edwards will have 20 days to file a reply in support of the motion for an evidentiary hearing.

10. All procedural defenses raised by Respondents, including exhaustion, must be raised in a single consolidated motion to dismiss. I do not wish to address any procedural defenses in seriatim fashion in multiple successive motions to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response that consolidates their procedural defenses, if any, with their responses on the merits, except under 28 U.S.C § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2) they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

11. The parties must redact personal-data identifiers in all documents filed with the Court as required by LR IC 6. Any state court record and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and be filed with a separate index of exhibits identifying the exhibits by number. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—i.e., the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). Paper copies of any exhibits over 50 pages—for this case—must be appropriately bound, tabbed, and delivered to the Las Vegas Clerk's office. *See* LR IA 10-3(i); LR IC 2-2(g). Courtesy copies must be addressed to the attention of "Staff Attorney" on the mailing address label.

///

///

12. The Clerk of the Court will send a copy of this Order to Edwards at the last institutional address in the record and reflect said transmittal either via the notice of electronic filing or on the docket, in a manner consistent with the Clerk's current practice.

Dated: September 14, 2022

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE