# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CORINTHIAN EDWARDS,<br><br>                          Petitioner,<br><br>   v.<br><br>CALVIN JOHNSON, et al.,<br><br>                      Respondents. | Case No. 2:22-cv-00007-GMN-NJK<br><br>**ORDER** |

Counseled Petitioner Corinthian Edwards brings this First Amended Habeas Corpus Petition (ECF No. 24) under 28 U.S.C. § 2254 to challenge his state court conviction of two counts of Conspiracy to Commit Robbery, three counts of Burglary while in Possession of a Firearm, three counts of Assault with a Deadly Weapon, six counts of Robbery with use of a Deadly Weapon, three counts of Attempt Murder with use of a Deadly Weapon, and one count of Battery with use of a Deadly Weapon resulting in Substantial Bodily Harm.  Respondents move to Dismiss the Petition as untimely. ECF No. 25.  Edwards argues that he is entitled to equitable tolling. ECF No. 34.  The Court finds that equitable tolling is not warranted and grants Respondents' Motion to Dismiss.

## Background

Edwards challenges a 2014 judgment of conviction and sentence under the large habitual criminal statute of multiple concurrent 10 years to life sentences to run consecutively to multiple concurrent 10-to-25-year sentences. ECF No. 28-1.  The Nevada Supreme Court affirmed the conviction. ECF No. 28-29.  Edwards filed a state Petition for writ of Habeas Corpus seeking post-conviction relief. ECF No. 28-38.  After an evidentiary hearing, the state court denied the state habeas Petition. ECF No. 29-1.  The Nevada Court of Appeals affirmed the state court's denial of relief. ECF No. 29-22.

Edwards initiated the instant federal habeas proceedings on January 3, 2022. ECF No. 1-1. Because Edwards did not file a complete application to proceed *in forma pauperis* ("IFP"),

the Court instructed Edwards to file a complete IFP application or pay the $5 filing fee. ECF No. 4. Following payment of the filing fee, the Court instructed Edwards to show cause in writing why this action should not be dismissed with prejudice as untimely. ECF Nos. 6, 8. Edwards filed a Response, the Court appointed counsel and granted leave to amend the Petition. ECF Nos. 9, 10. Edwards filed his first amended petition, including an argument and declaration by Edwards in support of a finding of equitable tolling. ECF Nos. 24. Respondents now move to dismiss his Petition as untimely. ECF No. 25. Edwards asserts that he is entitled to equitable tolling based on lack of access to resources due to COVID restrictions and prison lockdowns. ECF No. 34.

## Discussion

### I.   Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding, or other collateral review is pending. 28 U.S.C. § 2244(d)(2). No statutory tolling is permitted for the time that a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Here, Edwards's conviction became final after the time expired for filing a petition for writ of certiorari with the United States Supreme Court on August 10, 2016. Edwards filed his state habeas postconviction Petition on May 8, 2017, tolling the AEDPA clock. As a result, 270 days elapsed between the finality of the judgment and the filing of the state habeas postconviction Petition. The remaining 95 days of the AEDPA limitations period were statutorily tolled during the pendency of all proceedings related to the state Petition. Tolling ended on July 12, 2021, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 95 days later on October 16, 2021.

The parties agree that Edwards filed his federal Petition after the one-year limitation period under AEDPA expired. Edwards concedes that his federal Petition was filed 79 days after

the October 16, 2021, deadline, but he argues that he can overcome any timeliness bars because he is entitled to equitable tolling. ECF No. 34 at 2.

## II.   Equitable Tolling

The one-year period of limitation of 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

 In the first requirement of equitable tolling, a petitioner must pursue his rights with "reasonable diligence," rather than "maximum feasible diligence." *Holland*, 560 U.S. at 653. "[I]t is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc).  "Second, and relatedly, it is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy." *Id.*

Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065.  He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).  "[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy.'" *Smith*, 953 F.3d at 600.

Edwards argues equitable tolling is warranted because (1) he did not receive notice that the Nevada Court of Appeals affirmed the denial of his state habeas Petition until August 26,

2021, (2) he did not receive the financial certificate from the prison to file his federal Petition until December 17, 2021, and (3) his access to the law library, law clerks, and copying machines was limited due to COVID-related prison lockdowns from June 2021 to January 3, 2022.

Edwards fails to present reasonable due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland*, 560 U.S. at 659. Even applying a flexible, totality-of-the-circumstances approach to evaluating Edwards's equitable tolling argument, in light of the particular circumstances of this case, there is no basis for equitable tolling. Even assuming Edwards did not receive notice that the state appellate court affirmed the denial of his state habeas Petition until August 26, 2021, more than a month and a half remained at that time to file a timely federal habeas petition.

Edwards asserts that he requested a financial certificate from the prison to use in filing his federal habeas Petition on September 16, 2021, but the prison did not provide the financial certificate until December 17, 2021. ECF No. 24-1 at 2, 15. Respondents argue that the delay in receiving a financial certificate does not constitute an extraordinary circumstance because Edwards did not need a financial certificate to file his *pro se* habeas Petition. ECF No. 25 at 4. Edwards asserts that Respondents' argument "ignores the *facts* of his attempt to file his *pro se* petition." ECF No. 34 at 5. Edwards contends that the Court "dismissed [his] *pro se* petition for lack of such certificate and ordered [him] to provide one or pay the $5 filing fee." *Id*. at 5. The Court, however, did not dismiss Edwards *pro se* Petition, but only deferred the initial screening of his Petition until he complied with the Court's instructions to either file a complete IFP application or pay the filing fee. *See* ECF No. 4.

In some instances, obstacles imposed by prison officials may serve as grounds for equitable tolling. *See Grant v. Swarthout*, 862 F.3d 914, 925 (9th Cir. 2017) (granting equitable tolling due to prison officials' delay in providing requested document necessary to file prisoner's petition for habeas corpus). Here, however, Edwards nonetheless initially filed his incomplete IFP application *without* a financial certificate along with his *pro se* petition despite his assertion that he received the financial certificate on December 17, 2021. ECF No. 1. He did not file a complete IFP application until February 14, 2022. ECF No. 5. In addition, Edwards's inmate

trust account statement for the six-month period prior to filing demonstrates that Edwards had a balance of approximately $3,000 and Edwards paid the $5 filing fee in February 2022. ECF Nos. 5, 6.  The prison's delay in providing Edwards a financial certificate does rise to the level of an "extraordinary circumstance" when Edwards nonetheless filed his *pro se* petition without the financial certificate and ultimately paid the filing fee.

In addition, in *Grant*, the petitioner immediately requested a prison account certificate after he received the order denying his state petition and submitted a second request two weeks later. 862 F.3d at 917, 923-24.  The Ninth Circuit found that, given the circumstances, waiting two weeks to make a second request was not unreasonable even though the petitioner probably could have contacted his counselor more often. *Id*. at 924.  Here, unlike the petitioner in *Grant*, Edwards does not demonstrate that he was reasonably diligent by submitting any additional requests for his financial certificate in the 90-day period between his initial request in September 2021 and when he received the financial certificate on December 17, 2021.  Edwards also did not file his *pro se* Petition until January 3, 2022, more than two weeks after he asserts that he received his financial certificate.  *See Grant*, 862 F.3d at 925 ("[I]t is obvious that Grant was diligent after the extraordinary circumstance had ended: he received his prison account certificate on December 19 and constructively filed his petition the same day.").  Accordingly, even if the Court found the delay in receipt of Edwards's financial certificate was an extraordinary circumstance, Edwards does not demonstrate reasonable diligence by making another request for the financial certificate or by filing his *pro se* Petition when he received the document.

While Edwards alleges that between June 2021 and January 3, 2022, his access to the law library was restricted due to the COVID-19 pandemic, this Court has held that intermittent lockdowns and limited access to the law library resulting from the COVID-19 pandemic, particularly as pandemic-related restrictions eased, did not rise to the level of an extraordinary circumstance. *See Hernandez v. Reubart*, 2024 WL 247048, at *3 (D. Nev. Jan. 22, 2024) (finding no basis for equitable tolling because the petitioner failed to establish an extraordinary circumstance as pandemic-related restrictions eased during the timeframe the petitioner's AEDPA statute of limitations was running from October 2020 to October 2021); *see also*

*Camacho v. Daniels*, 2022 WL 1001560, at *1 (D. Nev. April 1, 2022) (addressing the petitioner's contention that he was entitled to equitable tolling because "he was unable to access the law library, to make copies of documents, to send legal mail through the law library, or to do legal research" and concluding that "[e]ither those restrictions were eased before the one-year period expired in his case [on April 16, 2021], or they did not truly prevent him from timely filing his petition").[1]

This Court has, however, found that "the specific circumstances and confluence of factors" warranted equitable tolling in *Brown v. Johnson*, where the petitioner missed the statutory deadline by 10 days. 2024 WL 1160692, at *4 (D. Nev. March 15, 2024).  In *Brown*, the petitioner's specific circumstances include "[the petitioner's] cognitive deficits affecting his working memory and processing speed, the prison lockdowns restricting access to the law library, COVID restrictions limiting access to the law library, as well as a delay of receipt of notice of the remittitur of the Nevada appellate court's decision affirming denial of relief of his state habeas petition." *Id*.  Unlike the petitioner in *Brown*, Edwards filed his federal Petition 79 days after the statutory deadline and did not present additional facts to warrant equitable tolling, other than a delay in receiving his financial certificate, which the Court already determined did not rise to the level of an extraordinary circumstance, and that Edwards did not receive notice that the Nevada Court of Appeals affirmed denial of his state habeas Petition until August 26, 2021, where Edwards still had a month and a half remaining to file a timely federal habeas petition.

Here, Respondents submit a declaration by Associate Warden Julie Williams ("Williams") who worked at High Desert State Prison ("HDSP") between June 2021 and February 2022. ECF No. 43-1.  Williams provides that during that period, inmates could access law library resources if they could not come into the law library, including access to e-filing,

---

[1] According to the Court's electronic docketing system, the Court received 107 petitions for writ of habeas corpus under 28 U.S.C. § 2254 between June 1, 2021, and January 3, 2022, demonstrating that "[i]f those people were able to file habeas corpus petitions during that time, then COVID-19 restrictions could not have prevented [other petitioners] from filing … petition[s] during that time." *See Camacho*, 2022 WL 1001560, at *1.

copy work, case research, and legal assistance from law library inmate workers. *Id*. Williams further provides that when lockdowns occurred during that period, inmates could still request and access law library resources from their cells and law library staff continued to enter and exit locked down units. *Id*.

Edwards asserts that "multiple COVID-19 lockdowns" occurred from June 2021 to January 3, 2022, and during that time he "was unable to obtain access to law library resources by *any* means during these periods." ECF No. 37 at 3. Another inmate, Andrew Leeks ("Leeks"), assisted Edwards with his *pro se* habeas Petition and Edwards acknowledges that the law library restrictions also applied to Leeks. *Id*. at 4. Edwards asserts that he submitted two request forms dated August 19, 2021, and August 26, 2021, for law clerk assistance and/or the ability to go to the law library, but his requests were not granted. *Id*. at 5-6. The request forms, however, do not have a signature from a prison staff member showing that they were received. *Id*. A declaration from the HDSP law library supervisor provides that she searched the law library records for requests made by Edwards and Leeks, but she did not locate any requests by either inmate during that time period. ECF No. 43-2.

Edwards does not make a showing of diligence, as required for the granting of equitable tolling. *See Smith*, 953 F.3d at 599. Even during a quarantine lockdown, inmates could still request law library resources from their cells and law library staff continued to enter lockdown units. Although he asserts that he submitted two request forms for law clerk assistance and access to the law library in August 2021, such forms do not indicate receipt by staff and the HDSP law library supervisor was not able to locate any record of requests made by Edwards or Leeks from June 2021 to January 2022. Edwards has not demonstrated that his untimeliness in filling his federal Petition was caused by an external impediment, rather than by his own lack of diligence.

While the Court recognizes that it may be more challenging to prepare a federal habeas Petition with pandemic-related restrictions, Edwards has not established that any pandemic-related circumstances actually prevented him from filing his petition by demonstrating a causal link between pandemic related impediments—such as limited access to the law library, law

clerks, and copying machines—and his inability to file the federal petition. *See Spytsyn*, 345 F.3d at 799.  He does not explain how this asserted diminished access actually impeded his ability to file his federal Petition, when he also asserts that he relied on the assistance of another inmate to file his Petition.[2]  The HDSP law library supervisor similarly did not locate any record of requests made by the inmate that assisted Edwards.

Because Edwards fails to demonstrate that equitable tolling is warranted, this action is dismissed as untimely.

### III.    Certificate of Appealability

A district court is required to issue or deny a certificate of appealability when it enters a final order adverse to a habeas petitioner, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Fed. § 2254 R. 11(a); 9th Cir. R. 22-1(a).

Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  Where a district court denies relief on procedural grounds without reaching the underlying constitutional claim, the court applies a two-step inquiry to decide whether a certificate of appealability is appropriate. *Payton v. Davis*, 906 F.3d 812, 820 (9th Cir. 2018).  A petitioner must show both that jurists of reason would find it debatable (1) " 'whether the petition states a valid claim of the denial of a constitutional right'," and (2) " 'whether the district court was correct in its procedural ruling'." *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (quoting *Slack*, 529 U.S. at 484).  To meet the threshold inquiry, a petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *See Allen v. Ornoski*, 435 F.3d 946, 950–951 (9th Cir. 2006).

Applying this standard, the Court finds that a certificate of appealability is unwarranted in this case.  The Court will therefore deny Edwards a certificate of appealability.

---

[2] "[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

**Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 25) is granted. Edwards's First Amended Petition for Writ of Habeas Corpus (ECF No. 24) is dismissed with prejudice as untimely.

It is further ordered that the Court directs the Clerk of the Court to enter judgment accordingly and close this case.

It is further ordered that Edwards's Motion to Compel Discovery (ECF No. 35) and Motion for Hearing (ECF No. 36) are denied as moot.

It is further ordered that a certificate of appealability is denied as reasonable jurists would not find the Court's decision debatable or wrong.

DATED: March 21, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE